IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>1999 LEXUS GS400, VIN JT8BH68X2X0017848 ET AL,<br><br>　　　　Defendant.<br>_____/ | No. C-05-01139 PJH (EDL)<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT AS TO DAVIS INDUSTRIES P-380 HANDGUN AND AMMUNITION** |

　　　Before the Court is a motion for default judgment in an <u>in rem</u> forfeiture action. Plaintiff filed the motion on February 14, 2007. No opposition was filed. After full consideration of the papers, the Court finds this matter appropriate for a decision without a hearing. <u>See</u> Civil L.R. 7-6. Accordingly, the Court vacates the March 27, 2007 hearing and hereby recommends that Plaintiff's motion be GRANTED and a forfeiture judgment be entered.

　　　In August 2004, law enforcement officers from the San Francisco Police Department Narcotics Unit received information from a confidential informant regarding the drug trafficking activities of Donald Tram. <u>See</u> <u>United States v. Donald Tram</u>, CR 04-0311 PJH (N.D. Cal.) (related case). According to the informant, Tram used two vehicles in the course of his drug trafficking activities, and kept a handgun in his vehicle when making drug sales. Compl. ¶ 7. On August 20, 2004, police officers stopped and searched Tram while he was driving in his Lexus sedan to meet the informant at a police-arranged meeting. <u>Id.</u>, ¶¶ 11-12. Officers seized drugs, $3,745 in cash, and a loaded Davis Industries P-380 handgun, whose serial number had been tampered with such that it could not be read. <u>Id.</u>, ¶¶ 12-13; Doc. No. 7 (Warrant Return). The officers subsequently obtained a warrant and searched Tram's house, seizing drugs, a stolen Smith and Wesson handgun, a loaded

Beretta handgun, and $43,400 in cash. Compl. ¶ 14; Doc. No. 6 (Warrant Return). Tram pled guilty to violating Title 21, United States Code, Section 841(a). Compl. ¶¶ 16-17.

Title 21, United States Code, Section 881(a)(4) and (11) provide, in relevant part, for the forfeiture of vehicles and firearms which are used or intended for use to transport, sale, receipt, possession or concealment of a controlled substance. See 21 U.S.C. 881(a). Section 881(a)(6) provides, in part, for the forfeiture of all monies or other things of value furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate the distribution and possession with the intent to distribute a controlled substance. Id. The police had sufficient evidence to believe that the seized property had been used in connection with the sale and distribution of a controlled substance, Compl. ¶ 22; accordingly, on March 18, 2005, pursuant to Supp. Rule C(1)(b) of the Federal Rules of Civil Procedure,[1] Plaintiff brought an action for forfeiture against the following property seized from Tram:

(a.) 1999 Lexus GS 400, 4-door, VIN JT8BH68X2X0017848, California license number 4EUA638, registered owner Donald Tram;

(b.) $43,400 in United States currency;

(c.) $3,745 in United States currency;

(d.) one Davis Industries P-380 handgun and accompanying 380 caliber ammunition; and

(e.) one Beretta handgun, Model 96, with accompanying 40 caliber ammunition, serial number 045985 M.

See Fed.R.Civ.P.Supp. C(1) ("An action in rem may be brought ... [w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.")

Plaintiff duly published a Notice of Forfeiture in The Recorder, a daily newspaper of general circulation in the San Francisco Bay Area, on March 30 and April 6 and 13. Hinds Decl. in Support of Request for Entry of Default (Doc. No. 36), ¶ 3 and Ex. B. Plaintiff served copies of the Complaint and Notice of Forfeiture on Tram, Tram's criminal attorney, Tram's wife, and Tram's

---

[1] Since December 1, 2006, civil forfeitures have been governed by Supplemental Rule G, incorporating Supplemental Rules A, C, and E, as revised. At the time of the commencement of this action and relevant filings, Supp. Rule G was not in effect. The Court therefore refers to the applicable Rule(s) in effect prior to the adoption of the December 1, 2006 revisions.

2

1 wife's civil forfeiture attorney. Hinds Decl., ¶ 4.

2 Pursuant to Supplemental Rule C(6)(a) of the Federal Rules of Civil Procedure, a person who asserts a right of possession or any ownership interest in the property that is the subject of the in rem action must file a verified statement of interest within a certain period of time, and must file an answer within 20 days after filing the statement of interest or right. Fed.R.Civ.P.Supp. C(6)(a).[2] On April 14, 2005, Lieutenant Carlos Sanchez of the San Francisco police filed a claim of ownership for (e), the Beretta handgun, which had previously been stolen from him. See Letter (Doc. No. 10). On April 19, 2005, Donald Tram and his wife Kristine Tram filed separate claims of ownership interests in the vehicle and the currency. See Verified Claims Opposing Forfeiture (Doc. Nos. 12-13) ("The undersigned hereby claims an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property."); Status Conference Statement (Doc. No. 19) at 2 n.1 ("While it is not specifically set forth in their verified statements of interest, counsel for Donald and Kristine Tram has advised government counsel that they do not claim an interest in the defendant firearms."). The Trams also filed an Answer on April 19, 2005. Doc. No. 11. Each of these claims have been resolved. See Settlement Stipulation and Final Order of Forfeiture (Doc. No. 35); Hinds Decl., ¶ 5. No claims or answers have been filed in connection with defendant Davis Industries P-380 Handgun and Ammunition. Hinds Decl., ¶ 6.

Default may be entered upon a showing that: (a) notice has been given as required by Admiralty Local Rule 6-1; (b) the time to answer has expired; and (c) no one has appeared to claim the property. Admiralty Local Rule 6-1 requires a party seeking a default to show that due notice of the action and arrest of the property has been given (1) by publication as required by Supp. Rule C(4) of the Federal Rules of Civil Procedure; (2) by service upon the person having custody of the property; and (3) by service under Rule 5(b) of the Federal Rules of Civil Procedure upon every other person who has not appeared in the action and is known to have an interest in the property. Admiralty L.R. 6-1(a). In addition, if the defendant property is of such a character that there exists a

---

[2] At the time the action was commenced, the Rules required that the statement be filed within 30 days after service of the complaint or completion of the Rule C(4) notice by publication; effective December 1, 2006 Supp. Rule G allows a statement to be filed up to 60 days after the first day of publication on an official internet government forfeiture site. No statement of interest or ownership was filed within either time period.

3

1  governmental registry of recorded property interests or security interests in the property, the plaintiff
2  must attempt to notify all persons named in the records of each such registry.  Admiralty L.R. 6-
3  1(b).  Failure to give notice as provided by this local rule shall be grounds for setting aside the
4  default under applicable rules.

5  Here, Plaintiff has given notice by publication regarding the seizure of property, including
6  the defendant Davis Industries P-380 handgun and accompanying 380 caliber ammunition.  See
7  Hinds Decl., ¶ 3 and Ex. B.  Plaintiff also personally served the Trams and their attorneys, satisfying
8  the requirement that Plaintiff provide notice to the persons in custody of the property at the time of
9  seizure.  See Admir. L.R. 6-1.  No person has stated an interest in the Davis Industries P-380
10 handgun and accompanying 380 caliber ammunition; and, although the property may have a
11 governmental registry of recorded property interests or security interests in the firearm, the serial
12 number of the handgun is illegible.  Accordingly, because it is impossible for Plaintiff to comply
13 with Admiralty Local Rule 6-1(b)(3) (requiring notice to registered owners), the Plaintiff has
14 satisfied the requirement that Plaintiff notify all persons with known interests, custody, and named
15 in the records of each governmental registry.  Moreover, the time to answer has expired, and no one
16 has appeared to claim an interest in the defendant Davis Industries P-380 handgun and
17 accompanying 380 caliber ammunition.  Hinds Decl., ¶ 6.

18 After the time for filing an answer has expired, the plaintiff may apply for entry of default
19 under Rule 55(a) of the Federal Rules of Civil Procedure.  Admiralty L.R. 6-2.  Plaintiff applied for
20 a default on September 25, 2005, which the Clerk entered on October 10, 2006.  Judgment may be
21 entered under Rule 55(b) at any time after default has been entered.  Id.  The Court is satisfied that
22 Plaintiff has met all notice requirements and that default was properly entered.

23 By his or her default, the true owner of the Davis Industries P-380 handgun and
24 accompanying 380 caliber ammunition has admitted the well-pleaded averments of the complaint,
25 including that the property is subject to forfeiture because it was used or intended to be used to
26 facilitate the transportation, sale, receipt, possession and concealment of controlled substances and
27 proceeds thereof.  See Compl. ¶ 22; 21 U.S.C. 881(a)(11).  Therefore, default judgment may be
28 entered under Rule 55(b).  See Rule 8(d); Admir. L.R. 6-2; United States of America v. $70,000 in

4

U.S.Currency, 1998 WL 574373 (N.D. Cal. Sept. 2, 1998). The amount of damages is not at issue in this action. Accordingly, for the reasons set forth above, and for good cause shown, It Is Hereby Recommended that the following default judgment be entered:

This Court having previously entered default against defendant Davis Industries P-380 handgun and accompanying 380 caliber ammunition, and Plaintiff having applied to this Court for the entry of default judgment,

IT IS RECOMMENDED that: Plaintiff's Motion for Default Judgment be Granted, the Defendant Firearm be declared forfeited to the United States.

Any party may file objections to this report and recommendation with the District Judge within ten days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. Proc. 72(b); Civil Local Rule 72-3.

Dated: March 12, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

5